# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | Crim. ID No. 2310012382 |
| | ) | |
| MICHAEL ANDERSON | ) | |

Submitted: September 10, 2025
Decided: December 5, 2025

*Upon Michael Anderson's*
*Motion for Postconviction Relief,*
**DENIED.**

## MEMORANDUM OPINION AND ORDER

Beth D. Savitz, Esquire, Deputy Attorney General, DELAWARE DEPARTMENT OF JUSTICE, *Attorney for the State of Delaware.*

Michael Anderson, *Self Represented.*

**Lugg, Judge**

Michael Anderson has filed a motion seeking postconviction relief. Despite pleading guilty, he challenges the performance of the attorneys representing him at various stages preceding his plea and at sentencing. The Court has reviewed Anderson's motion and memorandum of law,[1] the affidavits of counsel,[2] the State's response,[3] Anderson's reply,[4] and the record in this case and finds no merit in Anderson's motion. Anderson's motion for postconviction relief is denied.

## BACKGROUND

The facts leading to Anderson's arrest, conviction, and sentence are straightforward. In May 2023, Delaware State Police detectives learned of a drug dealer in the Newark and Bear Delaware areas.[5] An informant provided detectives the phone number of the alleged drug dealer; through investigative efforts, police

---

[1] D.I. 15 ("Def. Mot."); D.I. 24 ("Def. Mem.").

[2] D.I. 21 ("Phillips Aff."); D.I. 22 ("Rhodunda Aff.").

[3] D.I. 30 ("State's Resp.").

[4] D.I. 31. ("Def. Reply").

[5] Aff. (2382) at ¶ 2. Because Anderson pled guilty, the Court draws the facts from the affidavits of probable cause leading to his arrest. And because Anderson's plea resolved charges associated with two cases, the Court distinguishes the docket items and affidavits in each by referencing the last four digits of each criminal action number: "Aff. (2382) at ¶ XX" refers to facts drawn from the affidavit associated with C.A. No. 2310012382, and "Aff. (2110) at ¶ XX" refers to facts drawn from the affidavit associated with Case No. 2401012110.

determined the drug dealer to be Michael Anderson.[6] Detectives then engaged in a series of drug purchases from Anderson that culminated in his January 2024 arrest.

In late August, 2023, an undercover detective called Anderson to purchase cocaine.[7] Anderson directed the detective to meet him in the area of Teal Circle at Flamingo Drive to purchase crack cocaine.[8] The detective responded to that location and purchased drugs from Anderson.[9] The detective returned to Delaware State Police Troop 2 where the purchased substance tested positive for cocaine and weighed 3.8 grams.[10]

The next week, an undercover detective conducted a second direct purchase of crack cocaine from Anderson.[11] Anderson met this detective in the area of Colonial Circle off of Freedom Road in Newark, Delaware.[12] Officers surveilling the location watched Anderson conduct the drug sale with the detective and conduct what appeared to be another drug sale at the driver side door of a vehicle.[13] The

---

[6] Aff. (2382) at ¶ 2.

[7] *Id.* at ¶ 3.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at ¶ 4.

[12] *Id.*

[13] *Id.* at ¶¶ 4-5.

detective returned to Delaware State Police Troop 2 where the purchased substance tested positive for cocaine and weighed 3 grams.[14]

In early September, 2023, an undercover detective conducted a third direct purchase of crack cocaine from Anderson.[15]  Again, Anderson met the detective in the area of Colonial Circle off of Freedom Road.[16]  During this transaction, the detective purchased crack cocaine and fentanyl/heroin from Anderson.[17]  The detective returned to Delaware State Police Troop 2 where the purchased substances tested positive for cocaine (weighing 7.7 grams) and heroin (weighing 0.014 grams).[18]

A detective made a fourth direct purchase of crack cocaine from Anderson later in September 2023.[19]  The sale was to occur in the area of Colonial Circle, but Anderson delayed the transaction to collect the drugs.[20]  After gathering and preparing the drugs, Anderson directed the detective to meet him in the area of Teal

---

[14] *Id.* at ¶ 5.

[15] *Id.* at ¶ 6.

[16] *Id.*

[17] *Id.*

[18] *Id*.

[19] *Id.* at ¶ 8.

[20] *Id*.

Circle where Anderson sold the detective drugs.[21] The detective returned to Delaware State Police Troop 2 where the purchased substance tested positive for cocaine and weighed 30 grams.[22]

In early October 2023, a detective conducted a fifth direct purchase of crack cocaine from Anderson.[23] Anderson met the detective on Raven Turn to complete the drug sale.[24] The detective returned to Delaware State Police Troop 2 where the purchased substance tested positive for cocaine and weighed 29 grams.[25]

Later in October, a detective conducted a sixth direct purchase of crack cocaine from Anderson.[26] Anderson once again directed the detective to the area of Teal Circle and Flamingo Drive where Anderson provided drugs for sale.[27] The detective returned to Delaware State Police Troop 2 where the purchased substance tested positive for cocaine and weighed 29 grams.[28]

---

[21] *Id.* at ¶ 9. In what appears to be a typographical error, the number 6 designates the paragraph following paragraph number 8 of the affidavit. To avoid confusion, the paragraphs following 8 are referred to as if properly numbered.

[22] *Id.*

[23] *Id.* at ¶ 10.

[24] *Id.*

[25] *Id.* ¶ 11.

[26] *Id.* ¶ 12.

[27] *Id.* ¶¶ 12-13.

[28] *Id.* ¶ 13.

Delaware State Police officers arrested Anderson on January 29, 2024.[29] Officers handcuffed Anderson and placed him in a Delaware State Police vehicle.[30] The officer transporting Anderson to the police station observed Anderson digging his hands into the back of the seat.[31] After police removed Anderson from the police vehicle, they discovered a bag containing 33.8 grams of a substance that tested positive for cocaine stuffed in the seat where Anderson was sitting.[32]

On March 25, 2024, a Grand Jury returned an indictment charging Anderson with several counts of dealing various quantities of cocaine, and one count of dealing heroin.[33] On June 18, 2024, Anderson pled guilty to four counts of dealing cocaine, and the State agreed to dismiss the remaining counts against him.[34] Anderson acknowledged that his plea exposed him to a maximum sentence of 56 years of incarceration.[35] The parties requested a presentence investigation; Anderson represented that he would "ask for the minimum/mandatory two (2) years of

---

[29] Aff. (2110) at ¶ 3.

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] D.I. 5.

[34] D.I. 9.

[35] *Id.*

unsuspended Level 5 time" and understood the State would "cap [its recommendation] at eight (8) years of unsuspended Level 5 time."[36]

On September 6, 2024, following a presentence investigation, the Court sentenced Anderson to an aggregate term of thirty years incarceration, suspended after five years, for two years at supervision Level IV to be served at the discretion of the Department of Correction, followed by eighteen months at Level III with GPS monitoring.[37] Anderson did not appeal his conviction or sentence.[38]

On January 16, 2025, Anderson filed a "Motion for Postconviction Relief,"[39] a "Motion for the Appointment of Counsel in a Post-Conviction Relief Proceeding,"[40] and a "Motion to Amend."[41] On January 30, 2024, the Court entered an order directing the expansion of the record and denying appointment of counsel.[42] Anderson filed a Memorandum of Law in support of his motion on May 29, 2025.[43]

---

[36] *Id.*

[37] D.I. 11.

[38] Following his conviction and sentence, Anderson filed a "Motion for Modification of Sentence" (D.I. 12) which the Court denied on December 13, 2024 (D.I. 13), and on June 26, 2025, he filed a "Motion for Correction of an Illegal Sentence" (D.I. 28) which the Court denied on July 2, 2025. D.I. 29.

[39] Def. Mot.

[40] D.I. 16.

[41] D.I. 17.

[42] D.I. 20.

[43] Def. Mem.

Anderson's counsel, Olivia C. Phillips, Esquire and William J. Rhodunda, Jr., Esquire, provided affidavits in response to Anderson's ineffective assistance of counsel allegations relating to their representation.[44] The State responded to Anderson's claims,[45] and Anderson replied.[46]

## ANALYSIS

"Superior Court Criminal Rule 61 provides the exclusive remedy for setting aside a final judgment of conviction."[47] The Rule is "intended to correct errors in the trial process, not to allow defendants unlimited opportunities to relitigate their convictions."[48] Rule 61 provides incarcerated individuals a procedure to seek to have a conviction set aside on the ground that the Court lacked jurisdiction or to collaterally attack their conviction.[49] Before addressing any substantive issues this Court must first consider and apply Rule 61's procedural bars. The rule prohibits the Court from considering a motion that is: (1) untimely (filed more than one year after the judgment of conviction is final);[50] (2) repetitive;[51] (3) procedurally

---

[44] Phillips Aff.; Rhodunda Aff.

[45] State's Resp.

[46] Def. Reply

[47] *Jackson v. State*, 2007 WL 2231072, at *1 (Del. Aug. 2, 2007).

[48] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).

[49] Super. Ct. Crim. R. 61(a)(1).

[50] Super. Ct. Crim. R. 61(i)(1).

[51] Super. Ct. Crim. R. 61(i)(2).

8

defaulted;[52] or (4) formerly adjudicated.[53]  "Absent extraordinary circumstances, an ineffective-assistance-of-counsel claim cannot be asserted leading to a judgment of conviction."[54]  Anderson's motion is timely and none of Rule 61's procedural bars preclude consideration of his ineffective assistance of counsel claims.

### *Ineffective Assistance of Counsel*

To succeed on an ineffective assistance of counsel claim, Anderson must meet the two-prong test established by *Strickland v. Washington.*[55]  Under *Strickland,* a defendant must show (1) "that counsel's representation fell below an objective standard of reasonableness;"[56] and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[57]  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[58]

The Court may dispose of an ineffective assistance of counsel claim if the defendant fails to show a reasonable probability of a different result but for the

---

[52] Super. Ct. Crim. R. 61(i)(3).

[53] Super. Ct. Crim. R. 61(i)(4).

[54] *Kellam v. State*, 341 A.3d 475, 489 (Del. 2025).

[55] 466 U.S. 668, 687 (1984).

[56] *Id*. at 688.

[57] *Id*. at 694.

[58] *Id*.

9

counsel's alleged errors.[59]  "[A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice."[60]  A defendant must allege prejudice and then substantiate that allegation.[61]  Because a defendant must prove both parts of an ineffective assistance of counsel claim, a failure to establish sufficient prejudice alone is enough to defeat an ineffective assistance of counsel allegation.  "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'"[62]  The "court must consider the 'totality of the evidence,' and 'must ask if the [movant] has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.'"[63]

An ineffective assistance of counsel claim is a question of whether trial counsel's actions were adequate.[64]  A review of counsel's representation is subject to a strong presumption that counsel's conduct was professionally reasonable.[65]  As

---

[59] *Id*. at 697.

[60] *Id*. at 693.

[61] *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996).

[62] *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693).

[63] *State v. Reyes*, 155 A.3d 331, 343 (Del. 2017) (citing *Swan v. State*, 28 A.3d 362, 384 (Del. 2011) (quoting *Strickland*, 466 U.S. at 695-96)).

[64] *State v. Wright*, 2023 WL 2128338, at *3 (Del. Super. Ct. Feb. 21, 2023).

[65] *Id*.

such, mere allegations will not suffice; instead, a defendant must make concrete allegations of ineffective assistance, and then substantiate them, or risk summary dismissal.[66]  And, "a defendant who enters a knowing, intelligent, and voluntary guilty plea waives his right to challenge errors occurring before the entry of the plea."[67]

### *Anderson's Claims*

### 1. *Counsel was not ineffective for failing to move to dismiss or to seek a reduction of bail.*

Anderson alleges Phillips "provided IAC to [him] because counsel failed to file a motion to dismiss or a motion for bail reduction after the state failed to have [him] indicted within 45 days from [his] arrest."[68]  Phillips responded that she "did not file a Motion to Dismiss for Lack of Indictment," but that "Anderson was indicted 56 days after his arrest."[69]  Further, Phillips "file[d] a Motion for Reduction of Bail on Mr. Anderson's behalf on March 5, 2024;"[70] this motion was unsuccessful.[71]  For its part, the State asserts that, to the extent there was some delay

---

[66] *Younger v. State*, 580 A.2d 553, 556 (Del. 1990).

[67] *Dollard v. State*, 2020 WL 2393353, at *2 (Del. May 11, 2020) (citing *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003)).

[68] Def. Mot at 3; *see also* Def. Mem. at 5, ¶ 10.

[69] Phillips Aff. at ¶ 2.

[70] *Id.*

[71] *Id.*

in presenting Anderson's case to a grand jury, that delay was the result of the parties' ongoing preindictment plea negotiations.[72]

Anderson pled guilty. A judge of this Court accepted his pleas and found "them to be knowing, intelligent and voluntary."[73] By pleading guilty, Anderson waived any alleged errors occurring before the entry of his plea.[74] And, in any event, he has failed to demonstrate deficient performance or prejudice resulting in his delayed indictment.

Anderson fails to establish that Phillips' decision not to file a motion to dismiss was unreasonable and prejudiced him. First, to succeed on a motion to dismiss, Anderson must show that there has been an "unnecessary delay in presenting the charge to a grand jury."[75] In this case the delay was, in part, attributable to the parties' plea negotiations. And, importantly, Anderson was indicted 56 days after his arrest. This Court recently found a delay of 91 days, "only 46 days beyond the 45-day directive of the Administrative Order," to be "far less than the delay in other cases" and not "presumptively prejudicial to [the

---

[72] State's Resp. at ¶¶ 19, 21.

[73] State's Resp. Ex. A ("Plea Colloquy") at 7.

[74] *Dollard*, 2020 WL 2393353, at *2 (citing *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003)).

[75] *State v. Miller*, 2006 WL 3404644, at *3 (Del. Super. Ct. Nov. 20, 2006).

defendant.]"[76]  So too here.  A motion to dismiss for a less than two week delay beyond this Court's administratively imposed 45 day timeframe would not have found success.

### 2. Counsel was not ineffective for failing to file a motion to suppress evidence.

Anderson alleges Rhodunda "provided IAC to [him] because counsel failed to secure a continuance of time in regard to the established briefing schedule so that counsel could file a motion to suppress evidence seized in this matter by police in a manner inconsistent with the 4th Amendment."[77]  In his responsive affidavit, Rhodunda explained that he "did not file – and reasonably believed there was no valid, good faith basis to file – a motion to suppress given the evidence as [he] understood it to be."[78]  The State contends that Anderson fails to substantiate a Constitutional violation supporting suppression and, for that reason, offers a "mere allegation of ineffectiveness" that, without more, must fail.[79]

As with Anderson's first claim, this allegation precedes his guilty plea and is, thus, waived.[80]  Further, "[a]n ineffective assistance of counsel claim based on the

---

[76] *State v. Moore*, 2024 WL 2292230, at *4 (Del. Super. Ct. May 21, 2024).

[77] Def. Mot. at 3; *see also* Def. Mem. at 10, ¶ 17.

[78] Rhodunda Aff. at ¶ 5.

[79] State's Resp. at ¶ 24.

[80] *Dollard*, at *2 (Del. May 11, 2020) (citing *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003)).

13

failure to file a motion is without merit if trial counsel lacked a legal or factual basis to do so."[81] Here, Anderson fails to articulate the basis for suppressing evidence against him, and Rhodunda explained that he did not file a motion because he lacked a legal or factual basis to do so.[82]

"Judicial scrutiny of counsel's performance is highly deferential."[83] "Courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance," and the burden falls on the defendant to rebut this "strong presumption."[84] Anderson, through his unsubstantiated allegations, fails to meet this burden. Rhodunda's informed decision not to seek suppression and to focus on securing the best possible resolution for Anderson was professionally reasonable.

### 3. Counsel was not ineffective for failing to challenge dismissed charges.

Anderson asserts Rhodunda "provided IAC to [him] because counsel failed to challenge the charges [he] faced in regard to the alleged ounce of cocaine found in the front seat of the police vehicle that [he had] been placed in."[85] Anderson contends that the charge is "factually baseless" and the State used this charge "as a bargaining chip in order to get [Anderson] to enter a plea instead of using one of the

---

[81] *State v. Ryle*, 2019 WL 2714817, at *7 (Del. Super. Ct. June 27, 2019).

[82] Rhodunda Aff. at ¶ 5.

[83] *Cooke v. State,* 338 A.3d 418, 455 (Del. 2025) (cleaned up).

[84] *Id.* (cleaned up).

[85] Def. Mot. at 3; *see also* Def. Mem. at 11, ¶ 18.

legitimate charges and counsel allowed it to happen."[86]  Rhodunda responded that he "negotiated what [he] believe[d] [to be] a fair and reasonable plea agreement based upon the relative strengths of each charge, individually, and in the totality of the circumstances.  The Defendant knowingly, intelligently and voluntarily accepted the plea agreement."[87]  The State responded that Anderson "can point to no piece of evidence and no fact which would support any mere allegation by him that the cocaine did not come from his person during transport."[88]

The State aptly notes, had Anderson wished to challenge any of the charges against him he could have done so at trial.[89]  He did not.  Rather, Rhodunda negotiated a plea on Anderson's behalf and, in so doing, reduced Anderson's overall sentencing exposure and compelled the State to "cap" its sentence recommendation.  The United States Supreme Court has held that a defendant is entitled to effective assistance of counsel during plea negotiations.[90]  Rhodunda fulfilled this obligation.

---

[86] *Id*.

[87] Rhodunda Aff. at ¶ 6.

[88] State's Resp. at ¶ 26.

[89] State's Resp. at ¶ 25.

[90] *Lafler v. Cooper*, 566 U.S. 156 (2012).  ("In order to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, a defendant must demonstrate that, but for his counsel's unprofessional errors, he would not have pleaded guilty, but would have insisted on proceeding to trial."  *Bradley v. State*, 2007 WL 1599991, at *1 (Del. June 5, 2007) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985))).

In the face of overwhelming evidence, including Anderson's multiple direct deliveries of drugs to police officers and strong evidence of his efforts to conceal a large quantity of drugs in a police car at the time of his arrest, Rhodunda negotiated a resolution beneficial—and acceptable—to Anderson.[91]

The decision to accept or reject the plea offer tendered by the State was Anderson's alone.[92] The Court conducted a plea colloquy to confirm Anderson was entering his plea knowingly, intelligently, and voluntarily.[93] The State dismissed various charges as part of the negotiated plea, and Anderson fails to establish how the outcome of his case would have been different. Anderson chose to plead guilty; Rhodunda's failure to challenge a specific charge—a charge dismissed in the plea negotiation process—does not amount to ineffective assistance.

### 4. Counsel was not ineffective for failing to object to the prosecutor's factual misstatements at sentencing.

Anderson alleges Rhodunda "provided IAC to [him] because counsel permitted the state prosecutor to misrepresent the number of times that [Anderson] had allegedly performed illegal drug sales to an undercover police officer(s) at the

---

[91] *See generally,* Plea Colloquy.

[92] *Taylor v. State*, 28 A.3d 399, 406 (Del. 2011). ("A criminal defendant has 'ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal.'" (quoting *Jones v. Barnes*, 463 U.S. 745, 751 (1983))).

[93] Plea Colloquy at 7; *Ayers v. State*, 2002 WL 1836600, at *1 (Del. Aug. 9, 2002).

sentencing hearing."[94]  Anderson contends that the prosecution represented that he made eight illegal transactions, when the record only reflects six illegal transactions.[95]  Rhodunda acknowledged that he did not object to the misrepresentation made by the prosecutor, but explained that his focus on sentencing was not on the number of Anderson's transactions, but on the fact that Anderson engaged in drug deals with undercover officers.[96]  The State concedes its misstatement but contends that it "does not appear to have affected the Court's final sentence in any negative way."[97]  The State is correct.

The transcript of Anderson's sentencing hearing reveals that the prosecutor's misstatement played no role in the Court's sentence.  After hearing from counsel and Anderson, the Court explained:

> So part of my job, as you probably could suspect from comments I've made thus far, is to kind of cut through it and try to figure out what's the best result in the case based upon the objective facts and circumstances.  I will start with this: One, I appreciate the comments that you [Anderson] have offered to the Court.  You're displaying a level of maturity that hopefully indicates – or maybe its commensurate with your age.  I mean, you are a bit older to be in here on this, what is often considered a young person's endeavor.  And you probably are at a point where you want to get your life on track, I suspect.

*****

---

[94] Def. Mot. at 4; *see also* Def. Mem. at 15, ¶ 22.

[95] *Id*.

[96] Rhodunda Aff. at ¶ 7.

[97] State's Resp. at ¶ 31.

The corollary here, kind of converse to that though is, is that there is almost a decade by decade experience that you have beginning in 2003. You had a felony drug offense in 2003. You had a felony drug offense in 2013. And now we are back a little over – maybe it started in 2023. It's 2024 – so you are back here again. And so, Mr. Rhodunda's comment about imposing the minimum and then having probation as a hammer – I suspect that's been a discussion that has been had with you at various times prior to today.

I also see that you participated and completed the CREST program at some point in 2014.

*****

And now we're back again. So all that's to say is this is not a minimum mandatory appropriate case because you have a proven criminal history, but I do not believe that an eight-year term is warranted.[98]

The prosecutor's factual misstatement did not influence the Court, and Anderson suffered no prejudice.[99] Rather, the Court focused on Anderson's conduct over time, not the number of undercover transactions leading to his present indictment.

---

[98] State's Resp. Ex. B ("Sent. Trans.") at 14-15.

[99] *See e.g., Lawhorn v. State,* 2016 WL 6649222, at *3 (Del. Nov. 9, 2016) (defendant not prejudiced where State offered comments at sentencing that could be perceived to violate terms of plea agreement).

# CONCLUSION

Anderson knowingly, intentionally, and voluntarily pled guilty. His negotiated plea agreement reduced the number of charges he faced and his overall sentencing exposure. Further, as part of the agreement, the State agreed to cap its sentencing recommendation. Then, following a presentence investigation, the Court imposed a sentence beneath that sentencing cap. Anderson's trial counsel were effective in their representation and, equally importantly, Anderson suffered no prejudice as a result of any of the errors he alleges. For the reasons set forth herein, Anderson's Motion for Postconviction Relief is **DENIED**.

**IT IS SO ORDERED.**

_____
Sean P. Lugg, Judge

cc:    Prothonotary
Olivia C. Phillips, Esquire
William J. Rhodunda, Jr., Esquire